# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ABDUL AYAT MOHAMMED BEY, )
a/k/a Ronald B. Britt-Bey, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　 )
　　　v. )　　No. 4:17cv00965 PLC
　　　　　　　　　　　　　　　　　　　 )
FRANCIS SLAY, *et al.*, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Plaintiff to proceed *in forma pauperis*. Having reviewed the financial information submitted in support of the motion, the Court determines that Plaintiff is unable to pay the filing fee. The motion will therefore be granted. In addition, Plaintiff will be given the opportunity to submit an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Discussion**

It should be noted that Plaintiff is a very frequent *pro se* and *in forma pauperis* litigator in this Court. In the instant case, the complaint is defective for several reasons. First, it was not drafted using the Court's form. *See* E.D. Mo. Local Rule 2.06(A). It is far too long, and largely illegible. It fails to conform with Rules 8 and 10 of the Federal Rules of Civil Procedure, and it purports to bring multiple unrelated claims against not one but eight defendants, an impermissible pleading practice.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, Plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put,

claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.  In the "Caption" section of the form complaint, Plaintiff should write the name of the defendant(s) he wishes to sue.  In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[1]  If Plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of the amended complaint completely replaces the original.  Claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of the date of this

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Civil Rights Complaint form.

**If Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2017.